IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD CLARK, #B-17941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00592-SMY |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| SUZANN BAILEY, VIPEN SHAH, ) | |
| JOHN BALDWIN, ) | |
| ROBERT SAMOLINSKI, ) | |
| MARK HARTMAN, and ) | |
| COMMISSARY OWNER (SWANSON'S), ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Reginald Clark, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that the Illinois Department of Corrections' ("IDOC") soy-based diet for prisoners violates his rights under the Eighth and Fourteenth Amendments. He also claims that all of the named defendants acted in a conspiracy to establish and maintain a policy of serving a soy diet with the end goal of pocketing large profits. Finally, he claims retaliation based upon an action taken by Defendant Samolinski following a number of grievances. In connection with these claims, Plaintiff sues Jacqueline Lashbrook (Pinckneyville Warden), Suzann Bailey (Food Service Administrator), Vipen Shah (prison physician), John Baldwin (IDOC CEO/Director), Robert Samolinski (counselor/advocate), Mark Hartman (counselor/advocate) and Pinckneyville's Commissary Owner (Swanson's) for monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

According to the Complaint, the defendants adopted a policy to administer a primarily soy-based diet, knew or should have known of the health risks associated with the diet, did not alter the diet when they became affirmatively aware of its repercussions, failed to provide medical treatment for the repercussions and minimized grievances regarding the diet (Doc. 1 at 5-7). Plaintiff essentially pursues two theories of Eighth Amendment harm—deliberate indifference and endangerment (*Id.* at 5, 7). Plaintiff claims that as a result of the diet, he has developed problems with his circulation, constipation, extreme stomach pain and gas, bloody bowel movements, headaches and other mental symptoms (*Id.* at 6-7). He further claims that Defendants either knew of the risks in advance or at least should have known of the risks once the female inmates in Illinois succeeded in suing over the soy diet in 2009 (*Id.* at 5-7).

Plaintiff also alleges that all of the aforementioned actions were taken by Defendants in furtherance of a conspiracy to save money by serving soy instead of animal products, to drive up business at the commissary and to pocket the profits from the savings and the commissary sales (*Id.* at 5-6). Specifically, he asserts that the IDOC officials participated by implementing the soy diet, that the medical staff participated by providing minimal care, that the counselors

participated by interfering with grievances and that the commissary owners participated by telling inmates to buy more food from the commissary (*Id.*).

Finally, Plaintiff alleges that Defendant Samolinski retaliated against him in response to his 2015 grievances by stealing his commissary purchases (*Id.*). He also claims that Defendants Lashbrook, Bailey, Samolinski and Hartman violated his Fourteenth Amendment rights by failing to respond to his grievances (*Id*. at 5).

## **Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet;

**Count 2:** Conspiracy claim against Defendants for the soy diet;

**Count 3:** First Amendment retaliation claim against Defendant Samolinski for stealing the Plaintiff's commissary; and,

**Count 4:** Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet.

Counts 1 and 3 shall receive further review against those defendants who are identified below in connection with each claim. All remaining claims, including Counts 2 and 4, shall be dismissed for failure to state a claim upon which relief may be granted.

## **Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate

nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

Plaintiff's Complaint suggests that he suffered serious side effects from the overconsumption of soy in his diet and that the Defendants knew of the risks of the diet (**Count 1**). Plaintiff alleges that the soy diet has caused him poor circulation, extreme stomach pain and gas, headaches and mental issues, thus endangering his health. He asserts that Defendants Lashbrook, Bailey and Baldwin participated in designing and implementing the soy diet despite known ill-effects. Plaintiff also claims that he saw Dr. Shah about his soy-related ailments, but was simply told to drink more water or to buy commissary food despite his worsening symptoms. He wrote to Defendants Samolinski, Hartman and Bailey and verbally informed Warden Lashbrook of his concersns, but received no substantive responses. The Complaint suggests that these individuals may have responded to Plaintiff's complaints regarding the issues associated with a soy diet with deliberate indifference. Therefore, Count 1 shall proceed against Defendants Lashbrook, Bailey, Shah, Baldwin, Samolinski and Hartman.

However, the Complaint states no claim against Defendant Commissary Owner

(Swanson's). A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff does not allege that Commissary Owner was responsible for the policy of providing Plaintiff with a soy diet. Accordingly, Count 1 shall be dismissed against Commissary Owner without prejudice.

**Count 2**

Count 2 alleges a conspiracy among all Defendants to offer a soy-based diet in order to save the institution money and generate revenue through commissary purchases. Plaintiff alleges that Defendants Lashbrook, Bailey and Baldwin participated in adopting and implementing the soy diet; Defendant Shah failed to treat soy-based ailments and advised inmates to buy commissary food; Defendants Samolinski and Hartman perpetuated the conspiracy by interfering with inmate grievances regarding the soy diet; and Defendant Commissary Owner (Swanson's) encouraged inmates to buy more commissary food.

Count 2 does not survive preliminary review because the Complaint offers insufficient allegations in support of this claim. First, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). Secondly, "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds

had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted).

Here, Plaintiff's mere conclusory allegation of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim against Defendants based on their issuance of a soy diet. For example, It appears from the pleadings that the soy diet was instituted as early as 2005, but the actions of certain defendants— Shah, Samolinski and Hartman—did not allegedly occur until 2015. Moreover, there is no basic explanation as to how the soy diet conspiracy has been an ongoing plan or agreement that has spanned more than ten years, nor is there any suggestion that the named defendants designed or implemented the soy-based diet.

The Complaint also fails to articulate a viable conspiracy claim against Defendants for allegedly implementing a soy diet in order to generate revenue in the prison's commissary. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Plaintiff alleges that the purpose of this particular "conspiracy" is to force inmates to purchase food at the commissary. In other words, this scheme is allegedly aimed at taking prisoners' money. However, Plaintiff does not allege that his money was taken *without due process of law.* Even if the Complaint so alleged, there is no cognizable civil rights claim if the state provides an

adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).

The Seventh Circuit has found that Illinois provides an adequate remedy for depriving prisoners of there money in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). As such, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville soy diet policy. Thus, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). In order to pass the section 1915A screening threshold, a Complaint need only comply with the Federal Rules of Civil Procedure, which require that the Complaint state a claim by providing at least the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). In the context of a retaliation claim, a prisoner need only identify his action and the action(s) allegedly taken in retaliation. *Id.* At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future and if the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff alleges that he filed a number of grievances with Defendant Samolinski, who then stole his commissary purchases and gave them to porters. Though the facts are thin and the legal theory inartfully presented, the allegations suggest that Defendant Samolinski may have retaliated against Plaintiff for filing grievances by taking adverse action against him. However, Plaintiff did not identify any specific retaliatory acts taken by other Defendants and therefore failed to articulate a retaliation claim against them. Accordingly, **Count 3** may proceed solely as to Defendant Samolinski. This claim shall be dismissed without prejudice against all other Defendants.

### Count 4

In Count 4, the Complaint refers to the Fourteenth Amendment but does not contain sufficient facts to state the specific basis of a Fourteenth Amendment violation.. To the extent that Count 4 arises from Defendants' alleged failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. Accordingly, **Count 4** fails and shall be dismissed with prejudice.

### TRO/Preliminary Injunction

Plaintiff's requests for relief include a temporary restraining order ("TRO") and a preliminary injunction (Doc. 1 p. 8). As to the TRO, Plaintiff did not identify the act which he seeks to have restrained, nor did he make any reference to Federal Rule of Civil Procedure 65 or controlling case law. He also failed to file a separate motion or pleading addressing either

request. The conclusory nature of his request does not provide the Court with enough information to properly consider or analyze it. Plaintiff's request for a TRO and/or preliminary injunction is therefore **DENIED** without prejudice.

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **GRANTED in part** as to Defendants **Lashbrook, Bailey, Shah, Baldwin, Samolinski,** and **DENIED** as to Defendant **Commissary Owner (Swanson's)**.

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 4), which shall be **REFERRED** to United States Magistrate Judge **Reona J. Daly** for a decision.

## Disposition

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant Commissary Owner (Swanson's) for failure to state a claim upon which relief may be granted. **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED** without prejudice against Defendants Lashbrook, Bailey, Shah, Baldwin, Hartman and Commissary Owner (Swanson's) for failure to state a claim upon which relief may be granted. Finally, **COUNT 4** is **DISMISSED** with prejudice as to all named Defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** shall receive further review against Defendants **LASHBROOK, BAILEY, SHAH, BALDWIN, SAMOLINSKI** and **HARTMAN**, and **COUNT 3** shall receive further review against Defendant **SAMOLINSKI**. With respect to **COUNTS 1** and **3**, the Clerk of Court shall prepare for **DEFENDANTS LASHBROOK, BAILEY, SHAH, BALDWIN, SAMOLINSKI, AND HARTMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to United

States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**